Oldham, J., delivered the opinion of the court. In this case the defendant pleaded three pleas in bar and one in abatement, the latter being only part of the plaintiffs’ declaration: the plaintiffs demurred to the first two pleas in bar, replied to the thii’d, and moved the court to strike out the plea in abatement ; the court overruled the demurrer and also the motion to strike out the plea in abatement. The words contained in the commencement of the first plea in bar, “as to the'residue of the damages, to wit: the sum of four hundred and twenty dollars,” according to the rules of pleading, must be regarded as surplusage. They are surperfluous and unmeaning, and in no respect qualifiy the plea, and when disregarded the plea presents the general issue, formally and technically pleaded. The rule as to what will be regarded as surplusage, is clearly laid down in Ch. on Pl. 262. It is there said that “if the matter unnecessarily stated be wholly foreign and irrelevant to the cause, so that no allegation whatever on the subject was necessary, it will be rejected as sur-plusage, and it need not be proved, nor will it vitiate even on special'demurrer; it being a maxim that utile per inutile non viiia-tur.” As observed by Lord Mansfield, “the distinction is between that which may be rejected as surplusage, which might be struck out on motion, and what cannot.” It is also said by the same authority that to a declaration in debt demanding £60, and containing six counts per £10 each, the defendant pleaded that he did not owe the said sum of £10 above demanded, and the plaintiff signed judgment, qnd treated the plea as a nullity, the court set-aside the judgment upon the ground, the words “of £10” might be struck out as surplusage.” The words in this plea do not refer to any or either of the counts in the declaration, but only to a part of the damages laid by the plaintiffs, as the consequence resulting from the breach complained of, and do not therefore restrict the plea in its. application to a part of the indebtedness or promises laid in the declaration. The words in the commencement of the second plea in bar “as to the said $420,” are still more indefinite, having no reference to the declaration or the damages laid in the conclusion of the breach, unless taken in connection with the similar words contained in the preceding plea, which cannot be done, as they are separate and •distinct pleas, interposing distinct matters of defence. They must, therefore, according to the rules already cited, be regarded as sur-plusage, and the plea being divested of this superfluity, is a plea of set off, technically pleaded to the whole declaration. Under this view of the question, we are of opinion, that the demurrer was properly overruled to the two pleas under consideration. The only remaining question to be determined is, whether the court properly overruled the plaintiffs motion to strike out the defendant’s plea in abatement. The order of pleading the various subjects of defence, is too clearly laid down in all the books to^e misunderstood. A party cannot plead in abatement and in bar to the same matter: nor can he plead in abatement, except matters arising subsequent to the institution of the suit, after having pleaded in bar. A plea in bar is a waiver of all matter in abatement. Chit. Pl. 474. At the time of filing the plea in abatement, the defendant filed three pleas in bar to the whole declaration. The plea is also uncertain, and in no respect responsive to the declaration, and ought to have been regarded as frivolous, and further, it was not sworn to. For these reasons it should have been stricken from the files. Inasmuch as the defendant was entitled to judgment on the de-. murrer, the j udgment of the circuit court must be affirmed.